IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. CAIRNS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JAMES KOZEL,<br><br>                    Defendant. | **8:20CV162**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner, filed his Complaint on April 27, 2020. (Filing 1.) Plaintiff was granted leave to proceed in forma pauperis on June 18, 2020. (Filing 6.) Now that Plaintiff has paid the required initial partial filing fee, the court conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges his court-appointed attorney committed legal malpractice and otherwise misbehaved while defending Plaintiff against criminal charges.

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff indicates his Complaint is filed pursuant to 42 U.S.C. § 1983, but to state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The court does not need to discuss whether the facts alleged in the Complaint are sufficient to state a claim for relief under Nebraska law for legal malpractice, or any other alleged tortious misconduct, because the court does not have subject matter jurisdiction over such a claim without complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. No facts are alleged in the Complaint to show this to be the case. It is the plaintiff's burden to plead the citizenship of the parties if he attempts to invoke diversity jurisdiction under § 1332. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

Plaintiff's Complaint contains a request for appointment of counsel. (Filing 1 at 6.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

Finally, Plaintiff filed a motion for injunctive relief on July 27, 2020 (Filing 13), in which he requests that Defendant be enjoined from disposing of assets prior to final disposition of this case. That motion will also be denied without prejudice to reassertion.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and Plaintiff has not pled any facts to show that he and Defendant are citizens of different States, which might allow the court to exercise subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaint therefore is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

However, the court on its own motion will give Plaintiff 30 days in which to file an Amended Complaint that states an actionable claim against Defendant. If an Amended Complaint is filed within 30 days, the court will conduct another initial review. But if an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1.      On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim on which relief may be granted against Defendant. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2.      The clerk of the court is directed to set the following pro se case management deadline: October 8, 2020: check for amended complaint.

3.      Plaintiff's request for appointment of counsel (Filing 1) is denied without prejudice to reassertion.

4.      Plaintiff's request for injunctive relief (Filing 13) is denied without prejudice to reassertion.

Dated this 8th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4