IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. CAIRNS, | 8:20CV162 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| JAMES KOZEL, | |
| Defendant. | |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on April 27, 2020, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of the Complaint and, in a Memorandum and Order entered on September 8, 2020 (Filing 15), determined that it fails to state a claim upon which relief may be granted. The court on its own motion gave Plaintiff leave to amend, and an Amended Complaint (Filing 167) was timely filed on October 7, 2020. The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges his court-appointed attorney committed legal malpractice and otherwise misbehaved while defending Plaintiff against criminal charges.

### II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

III. DISCUSSION

Plaintiff continues to insist this is a civil rights action, filed pursuant to 42 U.S.C. § 1983. As the court previously explained, to state a claim under this statute, the alleged violation of Plaintiff's rights must have been caused by conduct of a person acting under color of state law, *see West v. Atkins*, 487 U.S. 42, 48 (1988), and "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983

violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Plaintiff's Amended Complaint therefore fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The court also advised Plaintiff that even if he might have a plausible claim for relief under Nebraska law for legal malpractice or other tortious misconduct on Defendant's part, there must be complete diversity of citizenship between the parties for the court to have subject matter jurisdiction, *see* 28 U.S.C. § 1332, but no facts were alleged in the Complaint to show this to be the case. It is the plaintiff's burden to plead the citizenship of the parties if he attempts to invoke diversity jurisdiction under § 1332. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In the Amended Complaint, Plaintiff alleges he is "a citizen of the United States, State of Kansas, County of Washington, City of Greenleaf," and Defendant is "a resident from Nebraska, Douglas County." (Filing 16 at 1, 4.) Plaintiff's allegation that he is a citizen of Kansas is not supported by any facts, and the court has reason to question the truthfulness of this allegation. Plaintiff invited the court to examine his criminal cases in the District Court of Douglas County, Nebraska. (Filing 16 at 7.) Upon doing so, the court discovered that Plaintiff for many years has held a Nebraska driver's license and has resided in Omaha, Nebraska. *See* Case Nos. CR-19-3898, CR-19-2473, CR-15-2166, and CR-15-2261.[1]

The court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide. Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, …." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted). "[N]o presumptive truthfulness attaches to the

---

[1] This case information is publicly available on the State of Nebraska's JUSTICE website, at https://www.nebraska.gov/justicecc/ccname.cgi.

plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). *See also Missouri v. Western Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995) ("[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000); *see, e.g., Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *7 (D. Neb. June 13, 2019) (on initial review, requiring pro se, in forma pauperis plaintiff to file amended complaint to allege facts and attach supporting documents showing that amount in controversy exceeds $75,000.00, as required for diversity of citizenship jurisdiction), *aff'd*, 798 F. App'x 971 (8th Cir. 2020); *Swift v. Walmart*, No. 8:15CV300, 2016 WL 1050263, at *2 (D. Neb. Mar. 16, 2016) (on initial review, requiring plaintiff to show by a preponderance of the evidence that the amount claimed as damages is legitimate, and that the court has subject-matter jurisdiction).

Because the court questions the legitimacy of Plaintiff's conclusory allegation that he is a citizen of Kansas, Plaintiff will be required to file a Second Amended Complaint to allege with particularity the facts upon which he bases this legal conclusion. Plaintiff is advised that "[f]or purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms, and a person can have only one domicile at a time...." *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 848 (8th Cir. 2017) (quoting *Ellis v. Southeast Const. Co.*, 260 F.2d 280, 281 (8th Cir. 1958)). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id.* To determine intent, the court relies on objective factors, including "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir. 1965). A litigant's self-serving "[s]tatements of intention are entitled to little weight when in conflict with facts." *Eckerberg v. Inter-State Studio & Publ;g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (quoting *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 999 (8th Cir. 1964)). Plaintiff is also cautioned that "[b]y presenting

4

to the court a pleading, … an … unrepresented party certifies that to the best of the person's knowledge, … the factual contentions have evidentiary support," and that sanctions may be imposed for a violation of this rule. Fed.R.Civ.P. 11(b)(3)&(c).

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and Plaintiff has not pled sufficient facts to show that he and Defendant are citizens of different States, which might allow the court to exercise subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's Amended Complaint therefore is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

The court will give Plaintiff 30 days in which to file a Second Amended Complaint. If a Second Amended Complaint is filed within 30 days, the court will conduct another initial review. But if a Second Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file a Second Amended Complaint that states a claim on which relief may be granted against Defendant. Failure to file a Second Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: November 12, 2020: check for second amended complaint.

Dated this 13th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge