IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. CAIRNS,<br><br>          Plaintiff,<br><br>vs.<br><br>JAMES KOZEL,<br><br>          Defendant. | **8:20CV162**<br><br>**MEMORANDUM<br>AND ORDER** |

     Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on April 27, 2020, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of the Complaint and, in a Memorandum and Order entered on September 8, 2020 (Filing 15), determined that it fails to state a claim upon which relief may be granted. In particular, the court ruled that Plaintiff cannot maintain an action under 42 U.S.C. § 1983 against Defendant, his court-appointed attorney, and that even if Plaintiff might have a claim for relief under Nebraska law for legal malpractice or other alleged tortious misconduct, no facts are alleged in the Complaint to establish the requisite diversity of citizenship for the court to exercise jurisdiction under 28 U.S.C. § 1332. However, the court on its own motion gave Plaintiff leave to amend.

     Plaintiff's Amended Complaint (Filing 16) was timely filed on October 7, 2020. The court conducted an initial review of this pleading and, in a Memorandum and Order entered on October 13, 2020 (Filing 17), determined that it also fails to state a claim upon which relief may be granted. The court again ruled that Plaintiff cannot maintain a § 1983 action and that he had not alleged sufficient facts to show diversity of citizenship. Although Plaintiff alleges in the Amended Complaint that he is a citizen of Kansas, while Defendant resides in Nebraska, the court questioned Plaintiff's citizenship claim because records of his criminal cases in the District Court of Douglas County, Nebraska, indicate that Plaintiff for many years has held a Nebraska driver's license and resided in Omaha, Nebraska. The court therefore

ordered Plaintiff to file a Second Amended Complaint to allege with particularity the facts upon which he bases the legal conclusion that he is a citizen of Kansas.

A Second Amended Complaint (Filing 18) was timely filed on October 22, 2020. The court now conducts an initial review of this filing to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF SECOND AMENDED COMPLAINT

Because Plaintiff's Second Amended Complaint (Filing 18) only addresses the issue of his citizenship, and does not include any allegations against Defendant, the court will treat this pleading as supplemental to Plaintiff's previously filed Complaint (Filing 1) and Amended Complaint (Filing 16). *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading."). Plaintiff alleges in his Amended Complaint that, among other things, Defendant refused to meet with him regularly or to answer his phone calls, refused to show him copies of discovery materials or his presentence investigation report (which contained errors), falsely represented that he had filed a motion to withdraw Plaintiff's no-contest pleas, and refused to provide Plaintiff with file materials he needs for seeking post-conviction relief. Plaintiff's Complaint contains more specific allegations of misconduct. A supplement to the Second Amended Complaint was also filed on October 30, 2020 (Filing 20).

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See*

*also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

III. DISCUSSION

Plaintiff alleges in the Second Amended Complaint that he is a resident of Kansas and intends to make his home in Kansas indefinitely. For supporting facts, Plaintiff states: He was born in Kansas in 1975 and resided there until 2001, when he moved to Omaha; in 2008, he moved from Omaha to Georgia; in 2009, he moved to Underwood, Iowa, for a short period of time; in 2010, he moved to Barnes, Kansas; Plaintiff resided in at worked at various locations in Kansas until 2015, when he was arrested while visiting Omaha and was sent to prison; Plaintiff went

back to Kansas in January 2019 after finishing his parole, but when he returned to Omaha to retrieve his belongings from a storage facility, he was again arrested and sent back to prison. Plaintiff also states he has not held a Nebraska driver's license for over 15 years. The court finds Plaintiff has made a sufficient showing for purposes of initial review that he was a citizen of Kansas prior to being twice arrested and imprisoned in Nebraska, and that he has retained such citizenship.

The court also finds as a preliminary matter that Plaintiff has alleged sufficient facts in his pleadings to state a claim upon which relief may be granted against Defendant for legal malpractice. Under Nebraska law, "a convicted criminal who files a legal malpractice claim against his or her defense counsel must allege and prove that he or she is innocent of the underlying crime." *Rodriguez v. Nielsen*, 609 N.W.2d 368, 374 (Neb. 2000). "This requirement is in addition to the ordinary causation element for legal malpractice. Thus, such person must plead and prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client, and (4) innocence of the underlying crime with which the plaintiff was charged." *Id.* at 374-75. Unlike some jurisdictions, however, Nebraska does not require convicted criminals to obtain exoneration through postconviction relief or reversal on appeal before pursuing an action for criminal legal malpractice.[1] *Id.* at 375. Indeed, the Nebraska statute of limitations for professional negligence, Neb. Rev. Stat. § 25-222, as construed in *Seevers v. Potter,* 537 N.W.2d 505 (Neb. 1995), prevents the adoption of such a rule. *Rodriguez*, 609 N.W.2d at 375. Liberally construing Plaintiff's pleadings, he is claiming actual innocence. Whether other actionable tort claims are stated need not be determined at this time.

The court also makes a preliminary finding that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00. "A complaint that alleges

---

[1] Federal law also prevents a convicted criminal from maintaining a § 1983 claim which, if successful, would necessarily imply the invalidity of his conviction or sentence, unless the conviction or sentence has been reversed, expunged, declared invalid, or called into question by the issuance of writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up). Because it is not a legal impossibility for Plaintiff to recover at least $75,000.00 for his claimed injuries, this case my proceed. *See id.* (finding district court had jurisdiction despite lack of factual allegations).

## IV. CONCLUSION

Plaintiff has alleged a plausible claim for relief against Defendant for legal malpractice, and the court appears to have subject matter jurisdiction over such claim. The court cautions Plaintiff that these are only preliminary determinations based on his pleadings, and that no determination has been made on the merits of his claim or any potential defenses.

IT IS THEREFORE ORDERED:

1. The clerk of the court is directed to complete a summons form and a USM-285 form for Defendant James Kozel, 1237 Skylark Drive, Omaha, NE 68144.

2. The clerk shall forward the completed forms to the Marshals Service,[2] together with copies of these five filings: Plaintiff's Complaint (Filing 1); Plaintiff's Amended Complaint (Filing 16); Plaintiff's Second Amended Complaint (Filing 18); Plaintiff's Supplement to Second Amended Complaint (Filing 19); and this Memorandum and Order.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

3. The Marshals Service shall serve Defendant by certified mail or any other method authorized by Federal Rule of Civil Procedure 4(h).[3]

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

6. The clerk of the court is directed to set a pro se case management deadline in this case with the following text: "March 23, 2021: Check for completion of service of summons."

Dated this 23rd day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[3] "[A]n individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Under Nebraska law, "[a]n individual party ... may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1).