IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. CAIRNS, | **8:20CV162** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| JAMES KOZEL, | |
| Defendant. | |

Plaintiff has filed a motion for a 30-day extension of time to respond to Defendant's motion for summary judgment. (Filing 40.) The current response date is June 16, 2021. The court finds the motion for extension of time should be granted. *See* Fed. R. Civ. P. 6(b)(1).

Plaintiff has also filed a renewed motion for appointment of counsel. (Filing 39.) "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Pignotti*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Upon consideration of these factors, the court concludes that appointment of counsel is not indicated at this time.

Plaintiff, who is a prisoner at the Omaha Correctional Center, states he has limited access to the law library and limited knowledge of the law. A lack of legal training and limited access to a law library do not differentiate Plaintiff from most pro se prisoner-plaintiffs. *Yanga v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV420,

2020 WL 6800428, at *2 (D. Neb. Nov. 19, 2020); *see Recca*, 2021 WL 2285235, at *2 ("As a prisoner, Recca understandably faced challenges representing himself, but 'most indigent prisoners will face similar challenges.'") (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).

Plaintiff also states he has had a learning disability since childhood, but school records attached to his motion show he graduated from high school in 1994. (See Filing 39-1.)

Plaintiff's pleadings, motions, and other filings demonstrate his ability to conduct discovery and to present his claims in written form.

The pending motion for summary judgment does not raise complex factual or legal issues. For purposes of the motion, Defendant does not even contest Plaintiff's allegations of fact. Defendant instead relies upon his own affidavit and argues that Plaintiff must produce a countervailing expert opinion to avoid summary judgment.

IT IS THEREFORE ORDERED:

1.     Plaintiff's motion for extension of time (Filing 40) is granted, and Plaintiff shall have an additional 30 days, until July 16, 2021, to respond to Defendant's pending motion for summary judgment.

2.     Plaintiff's renewed motion for appointment of counsel (Filing 39) is denied without prejudice to reassertion.

Dated this 7th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge