IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. CAIRNS,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES KOZEL,<br><br>Defendant. | 8:20CV162<br><br>**MEMORANDUM<br>AND ORDER** |

On June 28, 2021,[1] Plaintiff filed a "Motion to have Defendants Summary Judgement Denied" (Filing 58). The court construes this motion, at least in part, as requesting relief under Federal Rule of Civil Procedure 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"A summary judgment motion is not prematurely filed merely because discovery is not complete." *Laredo Ridge Wind, LLC v. Neb. Pub. Power Dist.*, No. 8:19CV45, 2020 WL 469678, at *3 (D. Neb. Jan. 29, 2020); *see also United States ex rel. Small Bus. Admin. v. Light*, 766 F.2d 394, 397 (8th Cir. 1985) (per curiam) ("[Rule 56(d)] does not require trial courts to allow parties to conduct discovery before entering summary judgment." (citing *Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir. 1979))).[2]

---

[1] The document is dated June 23, 2021, and its mailing envelope is postmarked June 24, 2021.

[2] In this case, the deadline for serving discovery requests was March 31, 2021, and the deposition deadline was June 7, 2021. (See Filing 30, paragraph 1.) Defendant's motion for summary judgment (Filing 36) was filed on May 26, 2021.

The party seeking the continuance for discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). "As to the second element, [i]t is well settled that Rule 56([d]) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]." *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (alterations in original) (internal quotation marks and citation omitted). "It is not enough to present a list of facts sought to be discovered. The nonmovant must articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact." *In re Mirapex Prod. Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019) (internal quotation marks and citation omitted). A district court has "wide discretion" in ruling on a Rule 56(d) motion. *Jackson*, 815 F.3d at 1121.

Plaintiff declares that summary judgment is premature because "not all my interrogatories questions were answered and/or production of documents produced to me by Defendant." (Filing 58, paragraph 3.) This declaration does not satisfy any of the *Toben* elements for a Rule 56(d) showing. Furthermore, Plaintiff has been dilatory. Under the court's progression order, all motions to compel discovery were to be filed on or before June 21, 2021. See Filing 30, paragraph 3. Plaintiff has not filed a motion to compel discovery regarding any interrogatories or requests for production he may have served on Defendant.

Plaintiff also declares that summary judgment is premature because "there is still a pending PREA charge against the Defendant." (Filing 58, paragraph 4.) This declaration again fails to satisfy any of the *Toben* elements.

Finally, Plaintiff declares that summary judgment is premature because "no important documents from the Douglas County Correctional Center have been sought yet" or "received or ordered or subpoenaed." The DCCC records are stated to include logs of phone calls Plaintiff made to Defendant, recordings of those phone calls, and visitation records. (Filing 58, paragraphs 5, 6.) Plaintiff has not made the required showing that such records are "essential" to resist the summary judgment

2

motion. There also is no record of Plaintiff subpoenaing any records from DCCC. Plaintiff filed a motion to subpoena these materials on June 23, 2021 (Filing 54), which was denied as an improper request for the court's assistance in conducting discovery. See Memorandum and Order entered June 25, 2021 (Filing 57). There is no claim that Plaintiff was previously unaware of the existence of these records. This case has been on file since April 27, 2020, and Plaintiff was allowed to commence discovery over 4 months ago, on March 1, 2021, when the court's progression order was entered. Again, Plaintiff has been dilatory.

In the remainder of the motion, Plaintiff recites that "the court has or soon should be receiving sworn affidavits … from multiple witnesses for the Plaintiff." (Filing 58, paragraph 1.) The record reflects that Plaintiff has filed the affidavits of Humberto Garcia (Filing 49), Markus Williams (Filing 50), Marisha Cairns (Filing 52), and Tracy Finlan (Filing 56). The court has not yet received the affidavits of Detective Volk and Thomas Riley, who are two other potential witnesses identified by Plaintiff. Plaintiff also states that he "has requested but not yet received permission from O.C.C. Warden to request affidavits from other witnesses from L.L.C., N.S.P. or D.E.C." (Filing 58, paragraph 2.) Plaintiff does not assert that he is unable to oppose the summary judgment motion without the Volk or Riley affidavits, nor does he explain why the affidavits from other unidentified witnesses might be essential to his opposition.

The court previously granted Plaintiff an extension of time, until July 16, 2021, to respond to Defendant's motion for summary judgment (see Filing 43), and it will consider any affidavits that are on file by the date. However, the court is unlikely to grant any further extensions of time.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to have Defendants Summary Judgement Denied" (Filing 58) is denied in all respects.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge