IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. CAIRNS, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES KOZEL, <br><br> Defendant. | 8:20CV162 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Defendant's Motion for Summary Judgment (Filing 36). For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## I. BACKGROUND

Plaintiff, a state prisoner, filed this action alleging that Defendant, his court-appointed attorney, committed legal malpractice and otherwise misbehaved while defending Plaintiff against criminal charges. (*See generally* Filings 1, 16 & 20.) Plaintiff alleges, among other things, that Defendant refused to meet with him regularly or to answer his phone calls, refused to show him copies of discovery materials or his presentence investigation report (which contained errors), falsely represented that he had filed a motion to withdraw Plaintiff's no-contest pleas, failed to investigate the charges against Plaintiff, failed to contact potential witnesses, failed "to admit evidence prior to conviction," failed to provide character witness letters to the judge, failed to ask for a sentencing continuance, and refused to provide Plaintiff with file materials he needs for seeking postconviction relief. (Filings 1, 16 & 20.)

The Court allowed Plaintiff's legal malpractice claim against Defendant to proceed based on diversity jurisdiction. (Filing 21.) After filing his Answer (Filing

26), Defendant filed his Motion for Summary Judgment (Filing 36) and supporting brief (Filing 37), arguing that Plaintiff has failed to establish an essential element of his claim against Defendant for legal malpractice. Specifically, Defendant submits that Plaintiff's failure to have expert testimony address the standard of care—or even identify a legal expert—entitles Defendant to summary judgment as a matter of law. (*Id.*)

Plaintiff responded to Defendant's Motion for Summary Judgment, requesting that the court "not grant Defendant Summary Judgment" and compel more discovery to support his claims. (Filing 45 at CM/ECF p. 1 & ¶ 1.) Plaintiff declares that summary judgment is premature and should not be granted because he is unable to represent himself, needs to get affidavits from witnesses who have been represented by Defendant, and "the PREA report is still pending." (Filing 45.) On June 17, 2021, Defendant filed a Reply Brief in Support of Motion for Summary Judgment. (Filing 51.)

On June 21, 2021, the clerk of the court received correspondence from Plaintiff, in which he requested the clerk to "e-file" discovery requests to Defendant and his attorney. (Filing 53.) The court denied Plaintiff's request and advised Plaintiff that all discovery requests and responses must be served by the parties in the manner specified in Rule 5 of the Federal Rules of Civil Procedure, and that discovery requests and responses cannot be served by delivery to the clerk and "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1)(a). (Filing 57.)

On June 23, 2021, the clerk of the court received Plaintiff's "motion to subpoena documents from third party." (Filing 54.) The court also denied this motion, explaining that it is improper for the court to assist in conducting discovery. (Filing 57.)

On June 28, 2021, Plaintiff filed a "Motion to have Defendants Summary Judgement Denied." (Filing 58.) Plaintiff declared that summary judgment was premature because "not all [his] interrogatories questions were answered and/or production of documents produced to [him] by Defendant." (*Id.*, ¶ 3.) On July 8, 2021, the court denied the motion. (Filing 60.) The court, construing the motion, at least in part, as requesting relief under Federal Rule of Civil Procedure 56(d), found that Plaintiff's declaration did not satisfy any of the *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888 (8th Cir. 2014), elements for a Rule 56(d) showing. (*Id.* at CM/ECF pp. 1-2.) The court further found that Plaintiff had been dilatory, noting that under the court's progression order (Filing 30), all motions to compel discovery were to be filed on or before June 21, 2021, and that Plaintiff had not filed a motion to compel discovery regarding any interrogatories or requests for production he may have served on Defendant. (Filing 60 at CM/ECF p. 2.)

Additionally, the court found that Plaintiff's declaration that summary judgment was premature because there was "still a pending PREA charge against the Defendant" (Filing 58, ¶ 4) failed to satisfy any of the *Toben* elements. (Filing 60 at CM/ECF p. 2.) The court also rejected Plaintiff's argument that summary judgment was premature because "no important documents from the Douglas County Correctional Center" ("DCCC") had been sought or "received or ordered or subpoenaed." (*Id.*) The DCCC records were stated to include logs of phone calls Plaintiff made to Defendant, recordings of those phone calls, and visitation records. (Filing 58, ¶¶ 5, 6.) The court found that Plaintiff had not made the required showing that such records were "essential" to resist the summary judgment motion. (Filing 60 at CM/ECF pp. 2-3.) The court also noted that there was no record of Plaintiff subpoenaing any records from DCCC and no claim that Plaintiff was previously unaware of the existence of these records. (*Id.* at CM/ECF p. 3.) Noting that this case has been on file since April 27, 2020, and Plaintiff was allowed to commence discovery on March 1, 2021, when the court's progression order was entered, the court again found that Plaintiff had been dilatory. (*Id.*)

3

Finally, the court noted that it had yet to receive the affidavits of Detective Volk and Thomas Riley, two potential witnesses identified by Plaintiff, but that Plaintiff did not assert that he was unable to oppose the summary judgment motion without the Detective Volk or Riley affidavits, nor did he explain why the affidavits from other unidentified witnesses might be essential to his opposition. (*Id.*) Observing that it previously had granted Plaintiff an extension of time, until July 16, 2021, to respond to Defendant's motion for summary judgment (*see* Filing 43), the court stated that it would consider any affidavits that were on file by that date but that it was unlikely to grant any further extensions of time. (Filing 60 at CM/ECF p. 3.)

On July 15, 2021, Defendant filed a notice that he had served his Responses to Second and Supplemental Requests for Production of Documents upon Plaintiff, on or about July 15, 2021. (Filing 61.)

On July 19, 2021, Plaintiff filed a Motion for Appointment of Counsel (Filing 62) and a motion to compel (Filing 63) Defendant to provide him with copies of all legal authority cited in Defendant's Brief in Support of Summary Judgment and all his other pleadings and briefs. On July 22, 2021, Defendant filed a Brief in Response to Plaintiff's Motion for Appointment of Counsel and Motion to compel. (Filing 65.) Plaintiff filed an opposition to Defendant's response brief, again declaring that summary judgment is premature and that he has requested third party subpoenas from the clerk of the court "to obtain some records to validate" his claims. (Filing 67, ¶ (3).)

On August 4, 2021, Plaintiff filed a notice, stating that he has been unable to locate or contact Detective Volk or Riley. (Filing 68.) On August 16, 2021, Plaintiff filed a motion requesting the court issue subpoenas attached to his motion. (Filing 69.) The subpoenas requested documents from Defendant, Defendant's counsel, and the DCCC and requested Jerome Robinson and Detective Volk appear at trial. (*Id.* at CM/ECF pp. 2-6.) On August 20, 2021, Defendant filed an Objection (Filing 70)

4

to the issuance of Plaintiff's subpoenas and a Brief in Opposition to Plaintiff's Motion for Subpoenas (Filing 71).

## II. PRELIMINARY MATTERS

Before addressing Defendant's Motion for Summary Judgment (Filing 36), several non-dispositive motions and objections must first be resolved.

### A. Plaintiff's Motion to Appoint Counsel (Filing 62)

Plaintiff has renewed his request for appointment of counsel, stating he has limited knowledge of the law. (*Id.*) The court denied his previous requests for the appointment of counsel. (Filings 15, 25 & 43.) This request is essentially the same as his last request for appointment of counsel (Filing 39), which the court denied upon consideration of the factors set forth in *Recca v. Pignotti*, ___ F. App'x ___, ___, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021). (Filing 43.) Specifically, the court stated that a lack of legal training and limited access to a law library did not differentiate Plaintiff from most pro se prisoner-plaintiffs; Plaintiff's pleadings, motions, and other filings demonstrated his ability to conduct discovery and to present his claims in written form; and the pending motion for summary judgment did not raise complex factual or legal issues. (*Id.* at CM/ECF pp. 1-2.) The circumstances have not changed significantly since his last request for appointment of counsel, and Plaintiff has not advanced any new arguments in support of his renewed request. Thus, upon consideration of the *Recca* factors, Plaintiff's Motion for Appointment of Counsel is again denied for the reasons set forth in the court's previous Memorandum and Order. (*See id.*)

### B. Plaintiff's Motion to Compel (Filing 63)

Plaintiff also moves the court to require Defendant to provide him with copies of all legal authority cited in Defendant's Brief in Support of Summary Judgment and all other pleadings and briefs. (*Id.*)

5

The court is not aware of any authority suggesting that a party's legal authorities are discoverable, but even if they were, these materials were already available to Plaintiff in the prison law library. Plaintiff does not allege, and it does not appear, that Plaintiff has been deprived of access to relevant authorities. And regardless of the quality of the parties' submissions, the court will apply the relevant law to the facts of this case. Thus, Plaintiff's motion to compel (*id.*) will be denied.

## C. Plaintiff's Motion for Subpoenas (Filing 69) and Defendant's Objection (Filing 70)

Plaintiff requests the court to issue subpoenas on Jerome Robinson, Detective Volk, Defendant, Defendant's counsel, and the DCCC. (Filing 69.) The subpoenas requested: (1) Jerome Robinson and Detective Volk to appear at trial; (2) Defendant to produce cell and office phone records from August 30, 2019 to March 25, 2010, "complete criminal history," "complete Bar club history/sanctions/ect." [sic], and identities of "past clients to use as evidence for my case"; (3) Defendant's counsel to produce their "complete criminal history," "complete Bar club history," including "complaints/sanctions, misconduct of any kind"; and (4) the DCCC to produce logs of phone calls Plaintiff made to Defendant, typed recordings of those phone calls, and visitation records. (*Id.* at CM/ECF pp. 2-6.) For the following reasons, Plaintiff's Motion for Subpoenas (Filing 69) will be denied, and Defendant's Objection (Filing 70) to the motion will be granted.

### 1. Subpoenas Seeking Production of Documents

The court again finds that Plaintiff has been dilatory. This case has been on file since April 27, 2020, and Plaintiff was allowed to commence discovery almost 6 months ago, on March 1, 2021, when the court's progression order was entered. (*See* Filing 30.) Under the progression order, the deadline for serving requests for production or inspection was March 31, 2021. (*Id.*, ¶ 1.) All motions to compel discovery were to be filed on or before June 21, 2021. (*Id.*, ¶ 3.) Plaintiff has not

6

filed a motion to compel discovery regarding any requests for production he may have served. Nor does Plaintiff claim that he was previously unaware of the existence of any of the records he seeks to obtain.

To the extent that Plaintiff's motion for subpoenas seeking production of documents might be construed as a motion filed pursuant to Federal Rule of Civil Procedure 56(d), it will be denied because Plaintiff has not made the required showing that such records are "essential" to resist the summary judgment motion. *See Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (the party seeking the continuance for discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion.") (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). Indeed, many of the document requests include material that is irrelevant to Plaintiff's legal malpractice case. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

### 2. Trial Subpoenas

Plaintiff's motion for issuance of trial subpoenas will be denied as moot in light of the court's ruling below on Defendant's Motion for Summary Judgment.

### III. SUMMARY JUDGMENT MOTION

**A. Summary Judgment Standard**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *See Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue; the court merely determines whether there is evidence creating a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986); *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011).

"There is a genuine dispute when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (internal quotations and citations omitted). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact.[1] *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere

---

[1] This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018).

8

allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

B. Summary Judgment Procedure

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

This court's local rules further specify that "[t]he moving party must include in the brief in support of the summary judgment motion a separate statement of material facts," which "should consist of <u>short</u> numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials that support the material facts stated in the paragraph." NECivR 56.1(a) (underlining in original). "The statement must not contain legal conclusions." *Id.*

The opposing party's brief must include "a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). "Each material fact in the response must be set forth in a separate numbered paragraph, must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by

page and line), or other materials upon which the opposing party relies, and, if applicable, must state the number of the paragraph in the movant's statement of material facts that is disputed." *Id.*

A party's failure to comply with these requirements can have serious consequences: The moving party's "[f]ailure to submit a statement of facts" or "[f]ailure to provide citations to the exact locations in the record supporting the factual allegations may be grounds to deny the motion for summary judgment." NECivR 56.1(1)(a) (underlining omitted). On the other hand, "[p]roperly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(1)(b)(1) (underlining omitted).

**C. Evidence Presented**

In this case, Defendant's brief in support of his Motion for Summary Judgment contains a separate statement of material facts, consisting of short, numbered paragraphs with proper references to the record. (Filing 37 at CM/ECF pp. 2-4.) The documents referenced include: Defendant's affidavit (Filing 38-1); Plaintiff's state court motion for postconviction relief (Filing 38-3); Defendant's interrogatories (Filing 38-4); and Plaintiff's Answers to Interrogatories (Filing 38-5). Defendant's counsel filed an affidavit (Filing 38-2) attesting that Plaintiff's state court motion for postconviction relief, Defendant's interrogatories, and Plaintiff's Answers to Interrogatories are true and correct copies.

Plaintiff has responded (Filing 45) to Defendant's Motion for Summary Judgment and filed the affidavits of Humberto Garcia (Filing 49), Markus Williams (Filing 50), Marisha Cairns (Filing 52), and Tracy Finlan (Filing 56). In his response, however, Plaintiff does not specify the numbered paragraphs in Defendant's statement of material facts that he seeks to dispute. (Filing 45.) Instead, Plaintiff argues that summary judgment is premature and requests more time to conduct discovery to support his claims. (*Id.*.) Plaintiff's failure to controvert Defendant's statement of material facts is considered an admission for purposes of deciding the

10

motion. *See* NECivR 56.1(1)(b)(1); Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

**D. Statement of Facts**

The court finds there is no genuine dispute regarding the following facts:

1. Defendant was appointed by the Douglas County District Court to represent Plaintiff in an ongoing state criminal matter in which charges against Plaintiff included burglary, possession of a controlled substance, theft (over $1,500), and failing to register as a sex offender. (Filing 38-1, ¶ 3.)

2. In exchange for his plea of no contest to the burglary and failure to register as a sex offender charges, the Douglas County Prosecutor's office agreed to drop the theft and possession of a controlled substance charges. (*Id.*, ¶ 4.)

3. Plaintiff was then sentenced in two separate criminal actions on March 26, 2020 in *State v. Cairns*, CR19-3898 (Burglary), and *State v. Cairns*, CR19-2473 (Sex Offender Registration Act Violation 1st Offense). (*Id.*, ¶ 5.) *See also* https://www.nebraska.gov/justice/case.cgi.[2]

4. On April 27, 2020, Plaintiff filed this action against Defendant under a theory of legal malpractice. (Filing 1.)

---

[2] The court is entitled to take judicial notice of Nebraska state court records, available to this court online. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records"); *see also Oliveira-Coutinho v. Frakes*, No. 4:15CV3159, 2018 WL 10705069, at *1 n.1 (D. Neb. Feb. 15, 2018).

5.     On or about May 1, 2020, Plaintiff moved to dismiss Defendant as counsel and to appoint new counsel in his state court criminal actions, indicating a breakdown in the attorney-client relationship. The state district court overruled the motion and noted that the Nebraska Postconviction Act is the appropriate procedural vehicle to raise ineffective assistance of counsel claims. (Filing 38-1, ¶ 7.) *See also* https://www.nebraska.gov/justice/case.cgi.

6.     Plaintiff then filed a motion for postconviction relief in the state district court, alleging that Defendant was "incompetent and ineffective." (Filing 38-3 at CM/ECF p. 1.) The court granted an evidentiary hearing on the sole issue whether Defendant was ineffective in failing to file a timely direct appeal in both criminal cases. On June 7, 2021, the state district court overruled the motion as to that claim. *See* https://www.nebraska.gov/justice/case.cgi.

**E. Discussion**

Under Nebraska law,[3] "a convicted criminal who files a legal malpractice claim against his or her defense counsel must allege and prove that he or she is innocent of the underlying crime." *Rodriguez v. Nielsen*, 609 N.W.2d 368, 374 (Neb. 2000). "This requirement is in addition to the ordinary causation element for legal malpractice. Thus, such person must plead and prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client, and (4) innocence of the underlying crime with which the plaintiff was charged." *Id.* at 374-75.[4]

---

[3] The law on legal malpractice in Nebraska governs in this diversity suit. *See Rosemann v. Sigillito*, 785 F.3d 1175, 1178 (8th Cir. 2015); *Payne v. Grinnell Mut. Reinsurance Co.*, 716 F.3d 487, 490 (8th Cir. 2013).

[4] Unlike some jurisdictions, Nebraska does not require convicted criminals to obtain exoneration through postconviction relief or reversal on appeal before pursuing an action for criminal legal malpractice. *Rodriguez*, 609 N.W.2d at 375. Indeed, the Nebraska statute of limitations for professional negligence, Neb. Rev.

Expert testimony is generally required to establish an attorney's standard of conduct in a particular circumstance and that the attorney's conduct was not in conformity therewith. *Boyle v. Welsh*, 589 N.W.2d 118, 124 (Neb. 1999). No expert testimony is required, however, where the evidence and the circumstances are such that the recognition of the alleged negligence may be presumed to be within the comprehension of laypersons. *Id.* The common knowledge exception has been held not to apply where the defendant's negligence is not obvious from the facts and circumstances of the case. *See McCray v. Pollack*, No. A-00-1088, 2002 WL 798629, at *4 (Neb. Ct. App. Apr. 30, 2002) (citing *Fossett v. Bd. of Regents of Univ. of Nebraska*, 605 N.W.2d 465, 469 (Neb. 2000)).

In support of his Motion for Summary Judgment, Defendant offered his own affidavit stating that in his legal representation of Plaintiff, he exercised the same skill, diligence, and knowledge as that commonly possessed by attorneys acting in similar circumstances, and that he met and exceeded the appropriate standard of care for a lawyer practicing in Douglas County, Nebraska. (Filing 38-1, ¶ 8.) Defendant's affidavit presents competent evidence sufficient to support a finding that his conduct was in compliance with the standard of conduct.[5] *See Boyle*, 589 N.W.2d at 126. Thus, Defendant has met the initial burden of showing there is a lack of a genuine issue of material fact as to whether Defendant was negligent. *See Torgerson*, 643 F.3d at 1042.

The court must next determine whether the evidence presented by Plaintiff in opposing the summary judgment is sufficient to create an issue of material fact as to

---

Stat. § 25-222, as construed in *Seevers v. Potter*, 537 N.W.2d 505 (Neb. 1995), prevents the adoption of such a rule. *Rodriguez*, 609 N.W.2d at 375.

[5] Defendant is a graduate of Creighton law School and has been engaged in the practice of law since 1979 with a heavy emphasis in criminal law in both defense and prosecution. He is admitted to practice in the State and Federal courts of Nebraska and in the Eighth Circuit Court of Appeals. (Filing 38-1 at ¶ 2.)

whether Defendant was negligent. *See Anderson*, 477 U.S. at 256. As previously noted, expert testimony is generally required to establish an attorney's standard of conduct in a particular circumstance and that the attorney's conduct was not in conformity therewith. Plaintiff has failed to present any expert testimony to establish the standard of care owed by Defendant and how Defendant's conduct breached that standard. Although Plaintiff offered the affidavits of Humberto Garcia (Filing 49), Markus Williams (Filing 50), Marisha Cairns (Filing 52), and Tracy Finlan (Filing 56), these individuals are not experts in the legal profession. Thus, their affidavits do not contain expert testimony to establish that Defendant breached the applicable standard of care.

Plaintiff has failed to identify an expert who would testify that Defendant's representation of Plaintiff deviated from the standard of care. Defendant's Interrogatory No. 6 to Plaintiff stated:

> 6. State the name, address, and occupation of each and every expert person retained by you whose testimony you expect to offer at the time of trial to support your claims against defendant. With respect to each such individual, also state:
>
> a. The field of expertise of each such individual;
>
> b. The nature of the opinion rendered by each such expert;
>
> c. The factual basis for the opinion rendered.

(Filing 38-4 at CM/ECF p. 2.) Plaintiff responded:

> 6. Same as answer #1 and #2.
>
>> a.) already been explained
>>
>> b.) already been explained

> c.) Most were side by side with me during this entire process of getting screwed by my ineffective counsel [Defendant], others I reported the crimes [Defendant] committed against me, others I plead for help and assistance

(Filing 38-5 at CM/ECF p. 8.)

Defendant's Interrogatory No. 1 asked for fact witnesses: "What are the names and last known addresses of any all persons known to you or to your representatives who have knowledge of any relevant facts with respect to the dispute involve in this lawsuit?" (Filing 38-4 at CM/ECF p. 1.) In response, Plaintiff provided an extensive list of laypersons and lawyers he contacted throughout this action or in his underlying criminal case. (Filing 38-5 at CM/ECF pp. 2-4.) The lawyers and legal organizations were not listed as expert witnesses who would support Plaintiff's claims and establish a breach of the appropriate standard of care. Indeed, Plaintiff fails to indicate the expertise of any individual or organization listed in his response to Interrogatory No. 1, the nature of their opinion, and the factual basis for the opinion.

Interrogatory No. 2 asked Plaintiff to state, with respect to every individual identified in Interrogatory No. 1, "the nature and content of their knowledge pertinent to the subject matter of this action and how it will support your claims herein." (Filing 38-4 at CM/ECF p. 1.) In response, Plaintiff does not identify any individual as having expert knowledge as to the standard of care owed by Defendant and how Defendant's conduct breached that standard. (Filing 38-5 at CM/ECF pp. 5-7.)

Tellingly, in response to Interrogatory No. 14, which asked for the identity of any individual who would support Plaintiff's allegations (Filing 38-4 at CM/ECF p. 3), Plaintiff replied: "Same people in answer #1 with the exception of the law firms, law schools, senators, counsil [sic]people, Judges, clerks, Legal Aid, ect. [sic]." (Filing 38-5 at CM/ECF p. 12.) Thus, Plaintiff seems to concede that no individual licensed to practice law supports his contentions; therefore, Plaintiff provides no

15

individual qualified to provide expert testimony to establish a breach of the appropriate standard of care.

The court next concludes that the question of Defendant's negligence does not fall within the common knowledge exception to the expert testimony requirement in legal malpractice cases. As stated above, the common knowledge exception has been held not to apply where the defendant's negligence is not obvious from the facts and circumstances of the case. *McCray*, 2002 WL 798629, at *4 (citing *Fossett*, 605 N.W.2d at 469). Defendant's alleged negligence in representing Plaintiff in his state criminal cases is not obvious from the facts and circumstances of the case and therefore does not fall within the common knowledge exception. Expert legal testimony is required to establish the standard of conduct owed by Defendant and any breach thereof. While Plaintiff has a firm belief that Defendant was negligent, his lay opinion is insufficient to supplant that of an expert. Because Plaintiff has not presented any expert legal testimony, or even identified an expert who would testify that Defendant's representation of Plaintiff deviated from the standard of care, the evidence he presented opposing summary judgment is insufficient to create an issue of material fact as to whether Defendant was negligent. Accordingly, Defendant's Motion for Summary Judgment (Filing 36) will be granted.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion for Summary Judgment (Filing 36) is granted.

2. Plaintiff's Motion for Appointment of Counsel (Filing 62), Motion to Compel (Filing 63), and Motion for Subpoenas (Filing 69) are denied.

3. Defendant's Objection (Filing 70) to Plaintiff's motion for issuance of subpoenas is granted.

4. This case is dismissed with prejudice.

5.    A separate judgment will be entered.

Dated this 26th day of August, 2021.

>BY THE COURT:
>
>*Richard G. Kopf*
>Richard G. Kopf
>Senior United States District Judge